{¶ 27} I dissent. While there are many obvious missteps in the procedural history of this case, the arguments on the three assignments of error are really directed only to two: (1) the finding of excusable neglect which resulted in the granting of leave to plead, and (2) the judgment of dismissal through the procedure of Civ.R 12.
 {¶ 28} The trial court's first and only discussion of excusable neglect comes in the final entry of dismissal, twenty-eight months after the complaint was served on Candice Nigh, four months after she made her first appearance, and three months after the trial court allowed her to file an answer. I find nothing in the record, or the trial court's "findings" as stated in the judgment entry of dismissal filed August 28, 2006, that could possibly warrant the finding of excusable neglect and allowing Nigh leave to plead after two years of neglect, disregard and indifference.
 {¶ 29} Further, the trial court clearly stated that it was considering the motion to dismiss pursuant to Civ.R 12(B) and determined that it was "confined to considering the facts alleged in the complaint only, and may not consider any extraneous material." (Aug. 28, 2006 Judgment Entry, p. 2). Without question this *Page 14 
is improper. Civ. R. 8(C) specifically references a statute of limitations defense as an affirmative defense. Therefore, it may not be addressed in the manner utilized by the trial court. As an affirmative defense, the burden of proof is on the defendant, not the plaintiff, and matters outside the complaint should be heard.
 {¶ 30} While I cannot imagine any scenario under which Graham would be successful with his allegations of defamation, or what damages a convicted rapist might suffer by allegations of another rape made in the limited context of police reports, these conclusions do not justify the departure from proper legal procedure that occurred in this case. Accordingly, I would sustain each of the three assignments of error, reverse, and remand. *Page 1